By the Court. Duer, J.
We are all of opinion that the evidence, on the part of the plaintiff, was quite sufficient to take the cause to the jury. If not contradicted, it was sufficient to prove that the fatal accident, which has given rise to this action, was, in reality, caused by the culpable negligence of the servants of the defendants, and whether the evidence was also sufficient to warrant the inference that there was a want of ordinary care on the part of the deceased, which contributed to the accident, was a question which it belonged, not to the court, but to the jury alone to determine. Nor did our brother, who tried the cause, otherwise decide. It is apparent that he did not withdraw the case *23 from the jury because he deemed that the negligence of the deceased was conclusively shown, but upon another and wholly distinct ground. The only question, therefore, is, whether the complaint ought to have been dismissed for the reason that was alleged, namely, that the plaintiff had failed to prove that the deceased was free from the negligence which was imputed to him by the answer of the defendants. In other words, had failed to prove a negative. That the evidence, as it stood, was consistent with the supposition that the deceased was free from fault, cannot be denied, while, on the other hand, it must be admitted, that it fell very far short of showing that he certainly was so. The question, therefore, is, whether it is this proof that the plaintiff was bound to give.
We believe that this is the first time that the question as to the necessity of such proof, on the part of the plaintiff, in actions like the present, has been raised in this court, or, indeed, in any court of this state; and, from the frequency of such actions, it is a question of no ordinary importance, and merits an attentive consideration.
It is certainly true, as a general rule, that there can be no recovery in these actions, when it is proved that there was a want of ordinary care, on the part of the person accidentally injured, which directly contributed to the accident; but it by no means follows, that the plaintiff is, in the first instance, bound to show that the person so injured could not have been guilty of the negligence imputed: that is, is bound to prove a state of facte necessarily excluding the supposition of what, for convenience, maybe termed his guilt. Yet this, as we understand it, is exactly the‘proposition that is now contended for. It is exactly the proposition, if the plaintiff, in all these cases, is bound to prove, in order to maintain the action, that there was no want of ordinary care, on his part, or that of the person whom he represents. It is manifest, however, upon a slight consideration, that this proposition, if admitted to be true, is equivalent to saying that, in all these cases, the law presumes, that the negligence of the person accidentally injured contributed to the accident, and that this presumption, unless overthrown by positive evidence, is alone sufficient to defeat a recovery. If such is the law, we are bound so to declare it; but we are unable to see that there is any warrant from reason and good sense, from *24 justice, or public policy, for such a presumption. It is, it seems to us, purely gratuitous and arbitrary, and if established by authority, upon principle, is not be defended. The presumption would be just as reasonable, if not more so, that accidental injuries, in all cases where a compensation in damages is sought, were in reality occasioned, solely by the negligence of the defendant or his servants, so as to entitle the plaintiff to recover merely by proving that the accident happened and the injury followed, and, in all cases casting upon the defendant the burden of repelling the presumption, by demonstrative proof of its falsity. This, however, is a proposition for which no lawyer would willingly contend, and which, assuredly, no court of justice could be expected to sanction. Yet is there, in reality, any difference in the cases ? H negligence cannot be imputed to the defendant, but must be proved, can any reason be given why, without proof, it should be imputed to the plaintiff? If the plaintiff, in order to maintain the action, is bound to prove the negligence of the- defendant, must it not be just as incumbent, upon the defendant to prove the negligence of the plaintiff, in order to bar a recovery ? We certainly think so, and, unless the law is otherwise settled, must so decide.
But we are told that the law is otherwise settled, and, in proof of the assertion, are referred to the decision of the ¡Supreme Court of Massachusetts, in Lane v. Crombie, (12 Pick. 197.) That tins decision distinctly affirms the doctrine for which the counsel for the defendants so earnestly contended, cannot be denied; but whether it is alone sufficient to establish that doctrine as law, is a different question. The court, in this case, ordered a second trial upon the ground that, on the first, the Judge had failed to instruct the jury that the plaintiff was bound to prove that the accident by which he was injured was not occasioned by his own want of ordinary care. The court, therefore, decided that the burden of proof was upon the plaintiff, to show that Ms own negligence was not a cause of the accident, and not upon the defendant to prove that it was; and if tMs decision ought to govern us, we cannot do otherwise than hold that the complaint, in the present case, was properly dismissed.
But with the utmost respect for the learned court by wMch tMs decision was pronounced, we cannot regard it as an authority by which we ought to be governed. Upon the fullest consideration, *25 we cannot regard it as evidence of the law, that we are bound to declare. It is scarcely necessary to say that the decisions of the courts, however respectable and learned, in our sister states, have with us no binding force as precedents, but are only to be followed so far as they command our assent by the reasons and authorities upon which they are founded. When we cannot reconcile them with our own deliberate convictions, it is our duty to reject them.
The decision of Lane v. Crombie was not rested upon argument or analogy, but upon authority alone. Noreasons were given to show the-propriety or justice of the rule which the court held itself bound to follow, but it was considered as settled by prior decisions, the cases to which the court referred. Those cases are Butterfield v. Forester, (11 East. 61,) Harker v. Hunniston, (6 Cow. 191,) and Smith v. Smith, (2 Pick. 621.) We have examined them all with attention, and find ourselves unable to assent to the interpretation that was given to them by the Supreme Court of Massachusetts. As we understand them, they are very far from justifying the conclusion at which the court arrived. In our deliberate judgment, they prove this, and only this, that when it appears by the evidence on the part of a plaintiff, who seeks to recover damages for accidental injuries, that by the exercise of ordinary care he might have avoided the accident, he is not permitted to recover; but this is wholly different from holding that he is not permitted to recover unless he shows, affirmatively, that there was no such want of ordinary care on his part as could have contributed to the accident. The distinction between the two propositions is manifest. In the first, the negligence which is to bar a recovery is proved; in the second, without proof, it is presumed to have occurred. It is presumed, since that which is not proved can rest only upon a presumption.
It escaped the attention of the Supreme Court of Massachusetts, that in numerous cases—we believe in a majority of those that are reported, in which a plaintiff claims damages for accidental injuries, the fact that his own negligence contributed to the accident, is treated expressly or by implication as purely a matter of defence, the burden of proving which, as in every other case of a defence, necessarily rests upon the defendant. According to our own experience and information, it is this rule, that in practice *26 has been constantly observed in the courts of this state, and has been understood by all our Judges to be that which they were bound to follow, and we cannot think that it ought now to be departed from, in deference to a single case in which, upon mistaken grounds, its authority has been denied.
There are other considerations that have strengthened our conviction that it is the rule which we are bound to declare and to follow.
If the plaintiff in every action for accidental injuries, were bound to prove, before his case could go to the jury, that the accident could not have been occasioned by any want on Ms own part of ordinary care, it is certain, that an allegation in the declaration that there was no such want, would be a material and necessary averment; it would be so, upon the principle that every fact is necessary to be averred which is necessary to be proved, in order to maintain the action, and hence the omission of such an averment would render the declaration bad upon demurrer. It is true, that such an averment is found in some of the precedents of declaration, in the collections of Wentworth and others, but in many more it is wholly omitted, and we are convinced that there is no adjudged case in which it- has been held or intimated that such an omission is a valid cause of demurrer. That it is not so regarded there is positive evidence.
For more than thirty years past, the Court of Exchequer in England, has been distingmshed for its adherence to the strictest rules of pleading and of evidence, and if there are any errors in the pleadings before them that escape the notice of counsel, they are sure not to escape the zealous vigilance of the Judges. The 2" on in each of the cases of Gough v. Bryan, (2 Mees. & Welsb. 790;) and Bridge v. The Grand Junction R. R. Co., (3 Mees. & Welsb. 244,) was to recover damages for accidental injuries, and in each, a plea, which set up, in a defective form, the negligence of the plaintiff as a bar to Ms recovery, was held to be bad upon demurrer, and judgment, therefore, rendered for the plaintiff; but in neither case did the declaration contain an averment that the accident had happened without any want of ordinary care on the part of the plaintiff, and we may be certain, that had the omission been deemed a fatal defect, it would not have escaped the observation of the counsel or of the court, and would have been "so *27 determined. Had the averment been deemed material—as it certainly would be if the rule of law as to the burden of proof were such as has been adopted in Massachusetts—we do not doubt that the court would, in each case, have rendered judgment for the defendant, instead of the plaintiff, in conformity to the well-known rule, that when a demurrer is interposed, no matter in what stage of the pleadings, judgment must be rendered against the party by whom the first fault in pleading is shown to have been committed. , •
It is not irrelevant to observe that some of the more recent decisions in England have gone to the extent of holding that the negligence of the plaintiff, even when it is proved to have contributed to the accident, is not, in all cases, a bar to his recovery. In the case of Davies v. Mann, (10 Mees. & Welsb. 546,) the act of the plaintiff, which it could not be denied had contributed to the accident that led to the action, was an act, not merely of negligence, but of positive illegality, and yet the defendant, upon the ground that by the exercise of ordinary care he might have prevented the accident, was held to be liable in damages for the injury to his property that the plaintiff had sustained. Comparing the decisions, the doctrine now established in England appears to be this:—that as the plaintiff in the‘action is not allowed to recover, notwithstanding the clearest proof of the negligence of the defendant, when it so also proved that his own negligence directly contributed to the accident, so the defendant is not shielded from a recovery, notwithstanding such negligence on the part of the plaintiff is proved, when it appears, that but for his own subsequent negligence the accident would never have occurred; that is when it appears that his own negligence was its sole proximate cause. We are not aware that the exact question has yet arisen in our own courts, but we are not prepared to say that the doctrine, although somewhat novel, is not highly reasonable, and whether it may not be applicable to the case before us, is a question that, upon a future trial, may deserve consideration.
As the decision in Lane v. Crombie has no adequate support from authority, so it has certainly none from reason or analogy, but, if followed, would introduce an exception from the rules of evidence, unreasonable in itself, as well as before unknown. We know of no rule of evidence that rests upon plainer and surer *28 grounds of equity and good sense, than that which in every controversy casts the burden of proof upon the party who maintains the affirmative—which, in other words, requires that he who asserts a fact, .necessary to be shown to sustain the action or bar a recovery, shall prove its existence. That there are some exceptions from this rule we do not deny, but these, when examined, will be found to rest mainly upon technical rules of pleading, and as all such rules are now abolished, it may well be doubted whether any exception ought now to be allowed, unless in cases where the law has settled that the right to maintain the action depends upon proof of a negative allegation—and in all these cases, as has already been observed, the negative allegation is an essential averment in the declaration or complaint. So also in actions founded upon contract, an exception may be created by the very terms in which the parties have chosen to express their agreement; but we are unable to perceive that any valid reason for allowing an exception, in any other cases, can now be alleged. Although it may not be universally true that a negative proposition is from its nature incapable of proof, it is certain, that in most cases the proof is difficult, and in some, impossible; and to exact the proof in these would be equivalent to a denial of justice. It would frequently operate to deprive a plaintiff of the compensation to which a jury, upon the whole evidence, might justly deem him to be entitled. And by exacting the proof in actions like the present, founded upon the statute, we are persuaded that the just as well as benevolent intentions of the legislature in favor of the wife and children of every person whose death has been caused by the culpable negligence of others, would, in many cases, be wholly defeated.
We think, for the reasons that have been given, that the judgment dismissing the complaint was erroneous.
It is, therefore, reversed, and there must be a new trial, with costs to abide the event.