[No. 3,033.]

PATRICK ROBINSON AND HANNAH ROBINSON, HIS WIFE, *v.* THE WESTERN PACIFIC RAILROAD COMPANY.

| 48 | 409 |
|----|-----|
| 78 | 433 |
| 48 | 409 |
| 82 | 597 |
| 48 | 409 |
| 85 | 70 |
| 48 | 409 |
| 97 | 512 |
| 48 | 409 |
| 100 | 593 |
| 48 | 409 |
| 102 | 527 |
| 48 | 409 |
| 103 | 545 |
| 48 | 409 |
| 110 | 358 |
| 48 | 409 |
| 112 | 206 |
| 48 | 409 |
| 132 | 257 |
| 48 | 409 |
| 134 | 487 |

NEGLIGENCE OF RAILROAD COMPANY IN CASE OF INJURY TO A PERSON—If the track of a railroad passes along the street of a city, crossing another street, and a train of cars is stopped in the first street so that the last car in the train stands in the cross-street, and while a person is walking along the cross-street over the track, behind the train, the train, without any notification, is suddenly backed, and the person is knocked down and injured by the cars, the employés of the company are guilty of gross negligence.

IDEM.—The person injured in such case is exercising an undoubted right in crossing the railroad track on a public street, and is not guilty of such want of care or diligence as contributes to the injury, and the railroad company is not released from liability on the ground of contributory negligence.

IDEM.— The person injured in such case had a right to presume that he would be notified that the train was about to move, and was not bound to wait because the train was on the street, or assume that it might move suddenly backward without notice.

Idem.—If the bell of the train was rung, this does not of itself establish proper care by the employés of the company; for, although the bell is intended to give notice to all, it is the duty of the engineer to see that all have acted on the notice.

Idem.—In such case the railroad company should provide a lookout, upon whose signal, that the track was clear, the engineer should have acted.

Idem.—It is no defense to an action for the injury in such case, that the plaintiff, by his own act, has contributed to his injury, but it must appear that by his own fault he has so contributed.

Idem.—The fact that the agents of the defendant in such case did not know that the person injured was on the track, amounts to culpable negligence on their part.

Right to the use of Public Street.—A foot-passenger is not debarred the use of the street because a train of cars occupies a portion of such street.

Contributory Negligence Releases Defendant.—If the neglect of ordinary care by the plaintiff concurs as a proximate cause in producing the injury for which the action is brought, the railroad company is not liable, even if its agents are at fault.

Error which does no Harm.—If the Court, in its charge to the jury, lays down an erroneous principle of law, based on a supposed fact in the case which was not proved, and which the jury could not have found, the other party is not injured by the instruction, and a new trial will not be granted.

Exceptions to Charge of Court to the Jury.—The Court can protect itself from a hasty perusal and adoption of written instructions to a jury asked by counsel, by a rule that they shall be submitted to counsel on the other side, and be settled by the Court before argument, and therefore an exception in form to each of such instructions, is sufficient; but exceptions to an oral charge ought to point out the specific portions excepted to, and be made at the time.

Excessive Damages.—A verdict of ten thousand dollars for an injury by a railroad car which necessitates the amputation of an arm, where the defendant was guilty of gross negligence, is not a case of excessive damages.

Complaint in Action for Personal Injury.—In an action for damages for a personal injury sustained by the plaintiff from a railroad car, it is not necessary to aver in the complaint that the plaintiff sustained the injury without any fault on his part.

Contributory Negligence a Matter of Defense.—In an action for damages for a personal injury, negligence on the part of the plaintiff is a matter of defense, to be proved affirmatively by the defendant, unless it can be inferred from circumstances proved by the plaintiff.

Appeal from the District Court, Fifth Judicial District, County of San Joaquin.

This action was brought to recover damages, sustained

by the plaintiff, Hannah, by the loss of an arm, as stated in the opinion. In the complaint, the damages were laid at twenty thousand dollars. There was no evidence of the expense of plaintiff's illness, or as to the amount of time lost by her, or its value to her, or as to her capacity to earn money. The evidence showed that she was engaged in washing.

The Court, at the request of the plaintiff, gave the following instructions to the jury:

"If the jury believe from the evidence that plaintiff, Hannah Robinson, sustained the injuries complained of in the complaint, through the carelessness or negligence on the part of defendant, and without negligence or carelessness on her part, then the jury should find for the plaintiff, and assess the damages in such sum as the jury, under the circumstances of this case in evidence, believe the plaintiff ought to recover, not exceeding $20,000.

"The plaintiff, Hannah Robinson, had a right to cross Sacramento street, at the ordinary and usual crossing of such street; and if the jury believe from the evidence that while she was crossing such street at the usual and ordinary crossing, and while so crossing, the defendant moved its train, without giving notice thereof so as to enable the plaintiff, Hannah Robinson, with reasonable care, to escape from injury by reason of the moving of such train; and if the jury further believe from the evidence that by reason of the moving of said train, and without giving reasonable notice to said Hannah Robinson thereof, she sustained the injuries in complaint mentioned, then plaintiff has a right to recover from defendant, and the jury should find for plaintiff.

"A railroad company is bound to use ordinary care and caution, to avoid injuring persons or property which may be upon its track.

"The managers of a railroad must take that degree of care which the majority of prudent and careful men would take, in the same situation, to avoid the same risks to their own persons, and to take such precautions against danger as the magnitude of the peril demands; and in this case, if you find

from the evidence that the defendant, the Railroad Com-
pany, did not exercise such degree of care, and that by
reason thereof the plaintiff lost her arm, as charged in the
complaint, and that she did not contribute to such accident,
then the plaintiff is entitled to recover such damage as you
may find from the evidence she has sustained, not exceed-
ing twenty thousand dollars."

The COURT, of its own motion, gave the following oral
charge to the jury:

" Gentlemen, in this case you have heard counsel in their
argument speak to you about feeling and prejudice. This
is a case, gentlemen, where a jury is required to look
calmly and reasonably at the facts that have been presented
in evidence. If you have any prejudice for or against the
plaintiff or defendant in this case, any feeling or any pas-
sion, this is not the time or place for it to make any im-
pression on you or influence your conduct at all. You
are the judges of the truth of the evidence given by
all the parties here; and if you believe that the party
plaintiff has sustained damages under the circumstances
here presented to you in the instructions, you will find for
the plaintiff. If, on the contrary, under the law and under
the evidence, she is not entitled to recover anything, then
you will find for the defendant; and in writing your verdict,
if you find for the plaintiff, you will say, we, the jury find
for the plaintiff; and assess damages at what you think right.
If you find for the defendant, you will simply say, we, the
jury, find for the defendant."

Counsel for defendant asked the Court to give the jury
the following instructions, which were refused:

No. 3. " The question presented to the jury is not one of
comparative negligence as between the parties, and it mat-
ters not whether those in charge of the defendant's cars were
more or less negligent, if the plaintiff, Hannah, by her own
negligence, exposed herself, or was exposed by her own
neglect or carelessness, to the accident which happened."

No. 4. " If the jury believe that the accident to the
plaintiff, Hannah, was caused by the joint concurrent neg-
ligence of the plaintiff, Hannah, and those in charge of

the cars of the defendant, then the plaintiff cannot re-
cover. It is immaterial on which side the preponderance
of blame lies; if both were at fault at the time of the in-
jury, the plaintiff cannot sustain the action, and the jury
must find for the defendant."

No. 15. " Even if the persons in charge of defendant's
train neglected to ring the bell, or to give any signal be-
fore starting it, still, if the plaintiff, Hannah Robinson,
might have avoided the accident by the exercise of ordi-
nary care, and her own carelessness directly contributed in
producing the injury complained of, the plaintiff cannot
recover."

The other facts are stated in the opinion.

*S. W. Sanderson,* for the Appellant.

It is the settled law of this Court, that in cases of this
character, the *gravamen* of the action is the negligence of
the defendant, and hence that the plaintiff cannot recover,
where his own negligence has contributed directly in any
degree, to the injury sustained. (*Richmond* v. *Sacramento
Valley Railroad Co.* 18 Cal. 351; *Gay* v. *Winter,* 34 Cal.
153; *Kline* v. *C. P. R. R. Co.* 37 Cal. 400; *Needham* v. *San
Francisco and San Jose Railroad Co.* 37 Cal. 409; *Moore* v.
*The Central Railroad,* 4 Zab. 268; *Runyon* v. *The Central
Railroad Co.* 1 Dutcher, 556.)

The burden of proof always rests upon the plaintiff, and
it is not enough for him to prove that he has sustained an
injury by the act or omission of the defendant. He must
show in addition, that the defendant, in such act or omis-
sion, violated a duty resting upon him. (*Robinson* v. *Fitch-
burg, etc. R. R. Co.,* 7 Gray, 92; *McCully* v. *Clarke,* 40
Penn. St. 399.)

Nor is it enough for him to show that he has sustained
an injury through the violation of some duty resting upon
the defendant. He must show, in addition, that he him-
self exercised ordinary care and caution; for if he could
have avoided the injury, notwithstanding the neglect of the
defendant, he cannot recover. (*Parker* v. *Adams,* 12 Met-

calf, 415: *Tisdale* v. *Inhabitants of Norton*, 8 Id. 388; *Ken-nard* v. *Burton*, 25 Maine, 39; *Runyon* v. *The Central Railroad Co., supra.*)

But it is conceded that if the plaintiff did not exercise ordinary care, and yet did not by the want of it contribute to produce the injury, he will be entitled to recover. (*Butterfield* v. *Forrester*, 11 East. 60; *Kennard* v. *Burton*, 25 Maine, 39.) The same qualification, however, applies to the liability of the defendant. Although he may have been negligent, or omitted some act which it was his duty to perform, yet if such omission did not contribute to the injury of the plaintiff, he is not liable. Hence it has been held that a traveler approaching a railroad track is required to use his eyes and ears, if he would avoid the imputation of negligence, even though the railroad company may neglect the proper signals. (*Ernst* v. *Hudson River R. R. Co.*, 39 N. Y. 61.) Also, that the negligence of the company in not ringing the bell, or sounding the whistle, does not excuse the plaintiff from the exercise of ordinary care and prudence in attempting to cross the track of the road. (*Wilcox* v. *Rome, Watertown and Og. R. R. Co.*, 31 N. Y. 358.) And that one who is approaching a railway crossing is not absolved from the duty of looking up and down the track to see whether a train is approaching, by the omission to ring the bell or blow the whistle; and if failure to take such precautions contributes to any injury received by him by a collision with trains running on said railroad, he cannot recover for such injury. (*Havens* v. *The Erie Railway Co.*, 41 N. Y. 296.)

So in Massachusetts, where by statute the drivers of sleighs are required to use bells on their harness, it was held that the plaintiff could not recover, it appearing that the omission of the defendant to use bells did not contribute to the injury complained of. (*Kidder* v. *Inhabitants of Dunstable*, 11 Gray, 342.) It was considered that the defendant was liable for the penalty imposed by the statute, but not for the injury to the plaintiff, if the omission to comply with the statute did not contribute to produce it.

Such is the rule of the statute of this State, which re-

quires railroad corporations to keep a bell on their engines, and to ring it on certain occasions. For a neglect of the duty imposed, the statute provides a penalty of one hundred dollars, and that "said corporation shall also be liable for all damage which shall be sustained by any person, by reason of such neglect." (Section forty-one of the statute in relation to railroad corporations.) This necessarily implies that the corporation is not liable for damages where the not ringing of the bell has not contributed to produce the injury. The evidence of contributory negligence is stronger than in either of the following cases, in each of which a judgment against the defendant was reversed. (*The Toledo and Wabash Railway Company* v. *Goddard*, 25 Ind. 185; *Wilcox* v. *Rome, Watertown and Ogdensburg R. R. Co.*, 39 N. Y. 358; *Havens* v. *Erie Railway Co.*, 41 N. Y. 296.)

There having been no special damage proved, there was no basis for the jury to act on, except what the Court gave them, their own sense of right. The verdict was therefore obviously the result of passion or prejudice. Upon this point I take the following report of an English case, from Van Nostrand's Engineering Magazine for June, 1870, at page 617:

"At the Liverpool Assizes, on Saturday, a piano dealer and tuner of pianos, said to be earning three hundred pounds (£300) per annum, claimed damages for such injuries received in an excursion train on the London and North Western Railway, as incapacitated him for the pursuit of his calling. Mr. Justice BRETT, in addressing the jury, said that if sufferers from railway accidents got annuities equal to their prospective earnings, it would be impossible for the companies to carry on their business. Both parties, he held, should share the consequences of an ordinary liability to accident, and bearing this fact in mind, as well as the fact that railway companies were compelled to carry passengers, the jury should assess damages accordingly. The award of the jury was six hundred pounds (£600)."

Thus the jury allowed him his prospective earnings for

two years. In the present case the jury have allowed the plaintiff a sum equal to her prospective earnings for more than twenty years.

In actions for injuries to persons or property it must appear from the complaint, either by direct averment or the nature of the case stated, that the plaintiff was not in fault. In support of the negative of this proposition, counsel upon the other side have cited a number of cases, all of which, with a single exception, are not in point. (*May* v. *Hansom,* 5 Cal. 360; *Finn* v. *Vallejo Street Wharf,* 7 Cal. 253; *Richmond* v. *S. V. R. Co.* 18 Cal. 351; *Gay* v. *Winter,* 34 Cal. 153; *Needham* v. *S. F. & S. J. R. Co.* 37 Cal. 409, and *Johnson* v. *The Hudson R. R. Co.* 20 N. Y. 73.) All these deal with the question of evidence, and do not touch at all upon the question of pleading. So far as the first two hold that the burthen of proof as to the negligence of the plaintiff, if any, is upon the defendant, they have been overruled in the other and later cases cited. *Smith* v. *Eastern R. R. Co.* 35 N. H. 356, and *Taylor* v. *Day,* 16 Vt. 566, merely hold that a complaint which does not contain an averment that the plaintiff was without fault, is good after verdict, a doctrine which is not only wholly inapplicable to our own system of practice, but in direct opposition to it. Under our practice, the objection that the complaint does not state a cause of action may be taken at any stage of the action—after verdict as well as before—from which it necessarily results that there is no cure for a bad complaint, except amendment. In *Gough* v. *Bryan,* 2 Mees. & Welsb. 770, and *Bridge* v. *Grand Junction R. R. Co.* 3 Id. 244, no point was made as to the sufficiency of the declaration. The defendants pleaded the negligence of the plaintiffs, and the plaintiffs demurred to the pleas, and the pleas were held bad.

The decision in *Wolfe* v. *Supervisors of Richmond,* 11 Abb. Pr. R. 270—the only case cited by counsel which deals directly with the question of pleading—is entitled to no more weight as authority than would be the decision of a Judge of the District Court of this State. As an argument the opinion is worthless, for it contains no satisfac-

tory discussion of the question. The great weight of au-
thority is in favor of the doctrine that the burthen of proof
is on the plaintiff to show himself blameless, and I under-
stand such to be the settled doctrine of this Court. (*Gay*
v. *Winter*, 34 Cal. 153; *Needham* v. *S. F. & S. J. R. Co.*, 37
Id. 422; *Kline* v. *C. P. R. Co.*, 37 Id. 406.) The same
doctrine prevails in Indiana, and in that State its natural
sequence—that the plaintiff was not in fault must be aver-
red—has been repeatedly declared. (*The Michigan South-
ern and Northern Indiana R. R. Co.* v. *Lantz*, 29 Ind. 528;
*The Evansville and Crawfordsville R. R. Co.* v. *Dexter*, 24 Id.
511; *The Indianapolis, Pittsburgh and Cleveland R. R. Co.* v.
*Keely's Adm's*, 23 Id. 133; *The Evansville and Crawfordsville
R. R. Co.* v. *Hiatt*, 17 Id. 102; *The Wayne, etc., Turnpike
Co.* v. *Berry*, 5. Id. 286; *The President, etc.*, v. *Dusouchett*,
2 Id. 286; *The Jeffersonville R. R. Co.* v. *Hendrick's Adm's*,
26 Id. 228; *The Toledo W. & W. R. Co.* v. *Bevin*, 26 Id.
443.) The same rule prevails in Illinois. (*The Chicago, B.
& Q. R. Co.* v. *Hazzard*, 26 Ill. 373–6; *Galena & C. U. R.
R. Co.* v. *Fay*, 16 Id. 558.)

*Dudley, Budd & Scaniker*, for the Respondent.

If the plaintiff is guilty of negligence in going upon a
railroad track, yet the company are bound to exercise rea-
sonable care and diligence in the use of their road; and if
for want of that care the plaintiff is injured, the company
is liable. (*Richmond* v. *Sacramento R. R. Co.* 18 Cal. 351;
*Needham* v. *S. F. & S. J. R. R. Co.* 37 Cal. 409.) It is not
every case of negligence of the plaintiff which will preclude
him for recovering for an injury occasioned by the negli-
gence of the defendant. (*Brown* v. *N. Y. C. R. R. Co.* 31
Barb. 385.) Neither do we agree to the proposition that
in such cases the burden of proof is always upon the
plaintiff—that is, that the plaintiff must show affirmatively
that his own conduct on the occasion of the injury was
cautious and prudent. This may be inferred from the circum-
stances in connection with the ordinary habits, conduct and
motives of men; and the character of the defendant's neg-
ligence may be such as *prima facie* to prove the whole issue;

and also the known disposition of men heedlessly to subject themselves to difficulty, is to be taken into consideration in determining the question. (*Johnson* v. *The Hudson R. R. Co.* 20 N. Y. 65; Shearman and Redfield on Negligence, Secs. 43–44.) But we can admit, for the sake of the argument, and without prejudice to respondent's theory of this case, the rule of law, on that point, to be as stated by appellant's counsel. The plaintiffs' evidence brought her entirely within the rule, and she gave positive, direct and affirmative proof touching her own conduct as well as that of the servants of the corporation on the occasion of the accident.

It was the duty of the engineer, or persons in charge of the locomotive, to look out at the crossing to see if there was any danger of a collision· with any one about to cross the track. (*Wilds* v. *The Hudson River Railroad Co.* 33 Barb. 503.) We are aware that it is comparatively easy for counsel to point out now, by the light of after events, and sitting in tranquil safety, what would have been wise for the plaintiff to have done then; but most persons under such circumstances of instant, threatening peril, act rather from instinct than cool judgment and calm reasoning. It would be a hard rule indeed if the law demanded any such impossibility as judicious and wise conduct under such circumstances; and if, as we claim, the defendant's negligence had placed her in this imminent peril, then the defendant is answerable for the consequences, though the plaintiff did not exercise the soundest discretion in her efforts to escape. (*Eldridge* v. *Long Island R. R. Co.* 1 Sand. S. C. R. 89; 13 Peters, 181; *Collins* v. *Albany & S. R. R. Co.* 12 Barb. 492.)

Instruction number four, which was given at plaintiff's request, states the rule of law correctly, and as laid down by this Court, in *Needham* v. *S. F. & S. J. R. R. Co.* (37 Cal. 409; Shearman and Redfield on Negligence, Sec. 28.) The instruction was applicable to the case because it was clearly proved at the trial that the persons in charge of the locomotive kept no lookout at the street crossing, as they were required to do. Had they exercised reasonable care and diligence in that respect alone, they could have

avoided the accident. For want of such reasonable dili-
gence on the part of the company, the plaintiff was put in
imminent peril, and was not in fault in attempting to cross
the track; hence her right to recover is not affected, even
if she did contribute to her injury. Under such circum-
stances the instruction was proper, and could not have
misled the jury.

The measure of damages in such actions is somewhat
vague and uncertain, hence it is that the Court in the case
of *Coleman* v. *Southwick* (9 John. N. Y. 44,) declared that
the damages must be so excessive as to strike mankind,
at first blush, as being beyond all measure unreasonable,
and such as manifestly show the jury to have been actuated
by passion and prejudice. In short, the damages must be
flagrantly outrageous and extravagant, or the Court cannot
undertake to draw the line, for they have no standard by
which to ascertain the excess.

In an action to recover damages for injuries to person or
property, it is not necessary to aver in the complaint that
the acts complained of did not occur through the negligence
or carelessness of the plaintiff. In support of this point
we refer the Court to the following authorities : *May* v.
*Hanson*, 5 Cal. 560; *Finn* v. *Vallejo Street Wharf*, 7 Cal.
253; *Richmond* v. *S. V. R. R. Co.* 18 Cal. 351; *Gay* v. *Win-
ter*, 34 Cal. 153. *Needham* v. *S. F. & S. J. R. R. Co.* 37
Cal. 409; *Johnson* v. *The Hudson R. R. Co.* 20 N. Y. 73;
*Smith* v. *Eastern R. R. Co.* 35 N. H. 356; *Gough* v. *Bryan*,
2 Mees. & Walsh, 770; *Bridge* v. *Grand Junct. R. R. Co.*
3 Mees. & Walsh, 244; *Taylor* v. *Day*, 16 Vt. 566; *Wolf* v.
*Supervisors of Richmond*, 11 Abb. Pr. 270.

In the cases cited in the fifth and seventh Cal. Rep. this
Court held that "it is not incumbent on the plaintiff to
prove the exercise, by him, of ordinary care to avoid the
injury, but the want of it upon the part of the plaintiff lies
on the defendant; that he who avers a fact in excuse for his
own misfeasance must prove it." See also *Beatty* v. *Gilmore*
(16 Penn. 463).

By the Court, McKinstry, J.:

The line of the defendant's road ran through the City of
Stockton on Sacramento street—crossing Lafayette street
at a right angle. A short distance from the junction of these
streets stood a tank, from which a locomotive-tender had
just been supplied with water; the train extending from the
tank on Sacramento street to Lafayette, and into the cross-
ing of the two streets. The plaintiff, Hannah, was proceed-
ing along Lafayette street and across Sacramento. She had
reached the track of the railroad, at a distance of from five
to ten feet in the rear of the hindmost car, when the train
was backed toward her. Apparently confused by a sense
of her imminent danger, the plaintiff ran on a tressel-work,
which commenced one or two yards from the place she oc-
cupied when the cars began to move; and, to avoid the ap-
proaching train, stepped out upon a projecting timber at
the side of the track. Here she was struck by one of the
cars. Her arm was thrown beneath a wheel, by which it
was so lacerated and crushed that its amputation was nec-
essary. The plaintiff fell to the ground beneath the tressel-
work. The freight or box-cars intercepted the view of the
engineer and stoker, so that, from their places on the loco-
motive, they could not see the middle of the track for a dis-
tance of two hundred feet immediately behind the cars;
and no brakeman or look-out was stationed where he could
see the plaintiff or any object on the track for a consider-
able distance beyond her. There is a substantial conflict
in the testimony as to whether the bell on the engine was
or was not rung before the cars began to move, and there
was some evidence tending to show that there was a
wood-pile on the further side of the rails, nearly opposite
the point at which the plaintiff approached the track. It is
clear that the employés of the defendant were guilty of
gross negligence.

Defendant claims that a new trial should be granted
on the ground that the negligence of the plaintiff con-
tributed, as a proximate cause, to the injury by her sus-
tained.

About the general rule—that a plaintiff cannot recover for the negligence of the defendant, if his own want of care or negligence has in any degree contributed to the result complained of—there can be no dispute. (*Needham* v. *San Francisco and San Jose Railroad Company*, 37 Cal. p. 419; *Gay* v. *Winter*, 34 Cal. p. 153.) But we do not think the circumstances indicate any want of ordinary care on the part of the plaintiff. We attach little consequence to her conduct after the train began to move. Startled and alarmed, as she doubtless was, by the imminent peril of her position, it would be asking more than should be required of an ordinarily prudent and reasonable person to demand that she should exercise the soundest discretion in her efforts to escape. Nor should the fact that the plaintiff was on the track—disconnected from the other circumstances—be considered as proving negligence. A person will ordinarily escape all danger of being run over by a railroad car by not going on the line of the road; but to say that a plaintiff's being on the track shall preclude a recovery of damage, is to assert that, in such cases, a plaintiff can never recover. The plaintiff here was exercising an undoubted right, and she was authorized to assume that all other persons using the street would act with due care. It cannot be imputed as negligence that she did not anticipate culpable negligence on the part of the defendant. (Shearman and Redfield, Sec. 31.) She could properly act on the presumption that the employés of the defendant would use the degree of care which persons of ordinary prudence are accustomed to employ under the same or similar circumstances; due regard being had for the rights of others. (*Cleveland, etc., Railroad Company* v. *Terry*, 8 O. R. 570.) Whenever an enterprise—like that in which the defendant was engaged—necessarily involves serious risk to life or limb, a due regard to the rights and safety of others requires that great care shall be taken to prevent accidents, and other persons may calculate upon every reasonable precaution on the part of those who have assumed the responsibility of controlling a power in itself inexorable and perhaps destructive. The train of defendant occupied, trans-

versely, the whole of Lafayette street with the exception of the limited space between the last car and the trestle-work. If before or after the plaintiff had commenced to cross she had been notified that the train was about to move, and a proper pause had been made, she would have escaped all injury.   But she was not bound to wait indefinitely because the train was there, or to assume that it might move suddenly backward and without notice.   If the bell was rung, this does not of itself establish proper care by the defendant, or a want of such care in the plaintiff.   She may not have heard the bell at the other end of the train, or, hearing it, may not have accepted its sound as a signal that the cars were about to move in a direction the reverse of that ordinarily pursued.   If there are persons in front of a locomotive about to start, the bell warns them to leave the track; but if they do not leave it, the engineer is not justified in driving his engine over them.   The bell is intended to give notice to all, but it is the duty of the engineer to see that all have acted on the notice.   Shall he run his train backward and be excused because he did not, or could not, see those in his way?   Can a railroad company be relieved of any portion of its responsibility by adopting a mode of running its trains less cautious than the usual mode?   A man should have been stationed where he could see the rails in the direction in which the train was to move, upon whose signal, that the line was clear, the engineer should have acted.   The omission to provide such look-out when a train was moved backward, and across a street of a populous city, is a circumstance of much weight in determining not only the fault of the defendant, but the question of the plaintiff's negligence.   It is no defense to an action of this kind that the plaintiff by his own act has contributed to his injury; it must appear that by his own fault he has so contributed.   And the law regards the plaintiff as innocent, unless he has been guilty of what has been called (somewhat awkwardly) "ordinary negligence;" that is, unless the evidence shows a want of ordinary care and prudence on his part.   His failure to take great care is no defense.   (Shearman and Redfield, Sec. 29.)   The *for-*

*mula* is, not that any degree of negligence on the part of the plaintiff which directly concurs in producing the injury (however slight) will constitute a defense; but if the negligence of the plaintiff, which amounts to the absence of ordinary care, shall contribute, in any degree, proximately to the injury, the plaintiff shall not recover.   A very timid or cautious person would not perhaps have gone on the track as the plaintiff did, and—as the absence of great care is slight negligence—it may be claimed that, to that extent, the plaintiff was negligent.   Yet if the person who should have been where he could see her had set the train in motion, the defendant would have been liable in damages. And this for two reason: First, her negligence did not amount to the absence of ordinary care; and second, the gross negligence of defendant's servant in putting the cars in motion, with knowledge of her exposed position, would have been the sole proximate cause of the injury.   As the case stands there is no proof that the agents of defendant were aware of the plaintiff's presence on the track—of that principally consists their culpable negligence since they should have been aware of it—but, unless we can declare that a foot-passenger was debarred the use of that portion of the street while a train of cars remained stationary near by, we must conclude that the plaintiff was justified in believing that she could safely cross the track when and where she made the attempt.   A new trial should not be granted therefore on the ground that the negligence of the plaintiff contributed to the hurt she sustained.

But not only do we think that the jury were justified in finding that a want of ordinary care on the part of plaintiff did not proximately concur, with the negligence of defendant, in producing the accident, but we are satisfied that the jury could properly have come to no other conclusion on the subject.   So convincing are the proofs that if the jury had found to the contrary it would have been the duty of the District Court to set aside the verdict as not supported by the evidence.   Where there is no substantial conflict, and the finding is contrary to the evidence, a new trial should be granted.   (*Lyle* v. *Rollins*, 25 Cal 437.)

At the request of the plaintiff, the Court charged the jury:

"In this case, if you find from the evidence that the plaintiff was guilty of negligence in going on the track of defendant, still the railroad company was bound on their part to the exercise of reasonable care and diligence in the use of their road, and the management of the engine and train; and if you find from the evidence that such reasonable care and diligence was not exercised by said company, their agents or servants, in the management of the engine and train at the time of the alleged accident, and by reason thereof the plaintiff was injured and lost her arm, as stated and charged in the complaint, then she is entitled to recover such damages as you find from the evidence she has sustained, not exceeding $20,000."

The plaintiffs were not warranted in asking this instruction. It was calculated by its terms to impress the jury with the idea, that even if the neglect of ordinary care, by plaintiff, concurred as a proximate cause, in precipitating the catastrophe, still the defendant was responsible, if its agents were at fault. *Needham* v. *San Francisco and San Jose Railroad Company* does not sustain the proposition broadly stated in the instruction; that was a case in which the plaintiff's negligence was remote, not proximate. But the charge could not have prejudiced the defendant. If the Court had instructed the jury that the plaintiff was not at fault, or was entitled to a verdict provided only the defendant was guilty of negligence, etc., this would not have been ground for setting aside the verdict, because the jury must, from the evidence, have found the fact assumed by the Court; that is, that the plaintiff was shown not to have been guilty of negligence. That question has been settled by this Court. (*Terry* v. *Sickles*, 13 Cal. 427; *Pico* v. *Stevens*, 18 Cal. 376.) In the present case the jury were told that they could disregard the legal consequences of a fact (plaintiff's negligence), if they found the fact to exist. This was error; but as the jury could only have found that the fact did not exist, the erroneous portions of the charge did not injure the defendant.

The erroneous instruction fell with the fact on the hypothetical existence of which it rested, and the defendant can no more complain of the instruction than if the Court had directly charged that the fact did not exist; the evidence being so conclusive of its non-existence as that a new trial would be granted if the jury should find to the contrary.

If we are correct in what we have said, in respect to the effect of the evidence, the Court below committed no error in refusing the third, fourth and fifteenth instructions requested by the defendant. The fourteenth was properly refused, because it does not declare the law.

The Court gave to the jury a number of written instructions prepared by the respective counsel, and then charged them orally. The transcript reads: "Counsel on both sides excepted to the charges given and refused."

With respect to written instructions prepared by counsel the Court can protect itself from the consequences of a hasty perusal and adoption of them, by rule providing that they shall be submitted to counsel on the other side, and be presented for approval and settled before the argument begins. An exception to each of such instructions is sufficient in form. But it frequently happens that the instructions offered do not cover all the issues in the case, or that, as the argument proceeds, new points are made as to which, either because important or calculated to mislead, the Court deems it its duty to charge the jury. It is the common practice, therefore, (after the written charges are read,) for the Court to proceed of its own motion, with an oral charge. Exceptions to the oral charge ought to point out the specific portions excepted to, and be made at the time, in order that the Judge may have an opportunity, before the jury retires, to correct any error he may have inadvertently fallen into in the hurry and perplexities of the trial. (*Hicks* v. *Coleman*, 25 Cal. 122.) The party desiring to except could not complain of surprise while the Practice Act of 1851 was in operation, because, by the one hundred and fifty-sixth section of that Act, he could have the points of law contained in the charge reduced to writing before the jury retired.

In the case before us, if the exception applies to the oral charge at all, it applies to it generally, and does not point to the specific portion objected to; nor did the defendant call the attention of the Court to its error, if any, in respect to the matter of damages, by presenting any specific instruction with respect to the same subject.

In view of all the evidence, we cannot say that the damages found by the jury are excessive.

Judgment and order denying the motion for new trial affirmed.

The defendant filed a petition for a rehearing, and the following opinion was delivered, denying the application.


By the COURT:

The point presented in the petition for rehearing is that there is no averment in the complaint that the plaintiff sustained the injury in question without any fault on her part.

It would seem that this omission has been held to render the pleading defective in Indiana, Illinois and Maine. (*Michigan, etc., R. R. Co.* v. *N. Y. R. Co.* 29 Ind. 528; *The Chicago, etc. R. R. Co.* v. *Hazard,* 26 Ill. 373; *Buzzell* v. *Laconia Man. Co.* 48 Maine, 113.)

We think the proposition that negligence on the part of the plaintiff is a matter of defense, to be proved affirmatively by the defendant, unless it can be inferred from circumstances proved by the plaintiff, is sustained by the better reason. (Shearman and Redfield on Negligence, Secs. 43, 44; *Penn. Canal Co.* v. *Bentley,* 66 Penn. St. 30; *Smoot* v. *Wetumpka,* 24 Ala. N. S. 112; *Johnson* v. *Hudson River R. R. Co.* 5 Duer, 21.)

In this class of cases, the complaint need not allege that the injury was done without fault of the plaintiff. The petition for rehearing is denied.