[No. 3821.]

## MARY HEARNE, ADMINISTRATRIX OF THE ESTATE OF WILLIAM HEARNE, DECEASED, v. THE SOUTHERN PACIFIC RAILROAD COMPANY.

DAMAGES FOR INJURY BY RAILROAD.—A person crossing the track of a railroad upon a public highway is bound to exercise proper care to avoid the cars of the railroad company; and if he does not do so, and for that reason is injured, and by the exercise of such care could have avoided the danger, he cannot recover damages.

IDEM.—If a person, while crossing the track of a railroad on a public highway, is injured by a passing train, his negligence, if it contributes at all to the injury, contributes directly and proximately.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Wm. Hearne, the deceased, was a driver on a street-car running on Folsom street, San Francisco. On the 25th of May, 1871, he was driving his car southerly on Folsom street, and as he reached Twenty-third street, a train of the defendant came from the west, and collided with the street-car where it crossed Twenty-third street. It was a freight train, and was backing down with the engine behind. Hearne was killed by the collision, and this action was brought by his widow, as administratrix, to recover damages. The plaintiff had judgment, and the defendant appealed.

The other facts are stated in the opinion.

*S. M. Wilson and W. W. Cope,* for the Appellant.

The learned judge who presided at the trial relied on the case of *Needham* v. *The San Francisco and San Jose Railroad Company* (37 Cal. 409). But the question there was as to the distinction between proximate and remote negligence; it being held that in order to bar a recovery the negligence must be proximate, and not remote. The general rule, "that a plaintiff cannot recover for the negligence of the defendant, if his own want of care has in any degree contributed to the result complained of," was expressly admitted. *Gay* v. *Winter* (34 Cal. 153), was cited as authority for this rule; and if any doubt on the point can fairly arise from the language of the opinion, it is entirely removed by other cases. In *Cline* v. *The Central Pacific Railroad Company,* reported in the same volume, the court said: "The rule that the plaintiff cannot recover if his own wrong as well as that of the defendant has conduced to the injury which he has sustained, is confined to cases where his wrong or negligence has immediately or proximately contributed to the result. We had occasion to consider this question in the case of *Needham* v. *San Francisco and San Jose Railroad Company,* and we there reached the conclusion just stated." In *Maumus* v. *Champion* (40 Cal. 121), it was held that where the negligence of the plaintiff had proximately contributed to the injury, no liability attached to the defendant, unless the injury was the result of a wanton or willful act on his part. This doctrine is not only reasonable in itself, but is too well established to be seriously controverted. (*Wilds* v. *Hudson River Railroad Company,* 29 N. Y. 315; *Gonzales* v. *New York and Harlem Railroad Company,* 38 N. Y. 440; *Wilcox* v. *Rome, W. & O. R. R. Co.,* 39 N. Y. 358; *Ernst* v. *Hudson River Railroad Company,* 39 N. Y. 61; *Havens* v. *The Erie Railway Company,* 41 N. Y. 296; *Gorton* v. *The Erie Railway Company,* 45 N. Y. 660.)

*W. H. L. Barnes,* for the Respondent.

*Needham* v. *San Francisco and San Jose Railroad Com-*

*pany* (37 Cal. 409), expressly dissents from the doctrines of many of the cases cited by appellant; and the greater portion of the charge of the court below, to which objection is made, consists of extracts from the opinion of this Court in that case. The charge does not, in my judgment, amount to anything more than a "repudiation" of doctrines contended for in the court below and here, on the authority of cases which this Court has repudiated, and declared to be based on false reasoning.

By the COURT:

The District Court refused the following instruction : "The deceased was required to exercise proper care, as well as the defendant and its servants, and if, by the exercise of such care, the deceased could have avoided the danger, he was guilty of negligence, and the plaintiff is not entitled to recover." The foregoing and other like instructions, asked for by the defendant, but refused at the trial, should have been given to the jury.

The court seems to have repudiated the rule that if deceased, by his own negligence, amounting to want of ordinary care, contributed to the injury complained of, the plaintiff was not entitled to recover. (*Robinson* v. *W. P. R. R. Co.*, 48 Cal. 424.)

From the circumstances of the case it is perfectly manifest that, if the negligence of the deceased contributed at all, it contributed directly and proximately to the injury. *Needham* v. *San Jose, etc.* (37 Cal. 409), therefore, does not apply.

Judgment reversed and cause remanded.