Ashburn, J.
I. Did the justice of the peace, Mendenhall, •err in overruling the motion to dismiss the case for want of jurisdiction to try the action?
We think not on two grounds. 1. On the resignation of McGinness, under the direction of sec. 206, S. & C. 805, his official docket, all his official files and papers were required to “ be deposited with the nearest justice in the township ” -of Jackson. On the resignation of McGinness, Mendenhall was the sole remaining justice of the peace in Jackson township, and hence authorized to have possession of the •official docket, etc., of McGinness after his resignation, until a successor was elected and qualified. Under sec. 208, S. & C. 806, Mendenhall, as justice of the peace, had au-thority to issue executions, take appeal bonds, stay executions, etc., on cases oii the docket of McGinnes at the time •of his resignation, “ and proceed in all cases in like manner as if the case had been originally had or instituted be *483 fore him.” This is a salutary provision, and tends to prevent a failure of justice, by protecting the legal rights of suitors whose interests might be seriously jeopardized by a temporary vacancy in the office of justice of the peace, occasioned. by resignation, death, etc. We find no reason or principle why this provision of the justices’ code should be crippled in its operation by construction.
2. The justice clearly had jurisdiction of the subject-matter of the action. The railway company, by its appearance before justice Mendenhall, after the resignation of Mc-Oinness, and assenting to a day of trial before him, and demanding a jury for the trial of the case upon a day agreed upon by the parties, effectually precluded itself from afterward denying the jurisdiction of the justice.of the peace, Mendenhall, to try the case. By its acts it waived all objection, if any it had, to the jurisdiction of the justice. An objection in such case for such cause, made for the first time on the day of trial, can avail the defendant nothing.
II. We now inquire: 1. Did the justice err in declining to instruct the jury as requested? 2. Was the charge he did give erroneous ?
The charges requested and refused are four in number, and as follows :
“ 1. If the jury find that the plaintiff kept the cattle mentioned in the bill of particulars in a field, between which and the railroad track there was a fence, but the fence was so defective that said cattle could escape on the track, if they were so disposed, and did so escape, and plaintiff knew of said defect in the fence, then the plaintiff can not recover, if the agents of the company in charge of the train that did the injury used due diligence to avoid the injury.
“ 2. That the plaintiff must prove negligence on the part of the defendants in the management of the train that did the injury.
“ 3. That if they find that the plaintiff was guilty of any negligence on his part that directly contributed to the injury, he can not recover.
“ 4. If the jury find that the plaintiffs cattle, including *484 tbe steer, were kept in a field abutting upon the defendant’s^ track, a field which was properly fenced at the time of the .injury, and the said steer got out of the field on the track,, without the negligence of the defendant, and was struck and injured by the defendant’s engine, the plaintiff can not recover, unless the defendant’s engineer, in charge of the train that did the injury, was guilty of negligence in the management of said train.”
It is claimed by plaintiff below that the first and third requests were properly rejected, because they were mere abstract legal principles, wholly inapplicable to this action,, there being no testimony to which the jury could apply them. To render them applicable to the case as vital principles, there must be some testimony tending to charge Fleming with contributory negligence. We think none is shown.
All we find in the bill of exceptions as to the testimony produced on the trial is as follows:
“ The plaintiff, to maintain his action and bill of particulars, gave in evidence to the jury aforesaid testimony tending to prove that the steer mentioned in the bill of particulars was kept by the plaintiff in a certain field abutting upon the railroad track of the defendant, and between which and said track there was a fence; that said steer escaped from said field by reason of no defect in said fence, strayed upon the said track, and was injured by being struck by one of the defendant’s locomotives.”
It seems to us the effect of this was to exonerate, rather than charge Fleming with contributory negligence. It does not show, or tend to show, that he knew the steer was absent from the field at the time of the injury, hut does teud to prove that the fence, about the field ¿rom which the animal escaped, was not defective. There being a clear want of testimony even tending to show carelessness or negligence on the part of.Fleming, the first and third requests were properly refused.
The principle of law contained in the second request of defendant below was substantially given, and presented h> *485 the jury in better form in the charge given by the justice. He charged as follows :
“If, by reason of any negligence and want of care of the defendant’s servants, the plaintiff’s cattle are injured or destroyed, he can recover.”
This was correct in the absence of all proof tending to show the plaintiff below guilty of contributory’negligence. In the absence of all testimony or statement in a bill of exceptions, that there was testimony on the trial tending to •show contributory negligence, the reviewing court will presume the court below instructed the jury upon the state of facts in the case. •“ There is no presumption of negligence as against either party except such as arises from the facts proved. Indeed, the presumption of law is that neither party was guilty of negligence, and such presumption must prevail, until overcome by proof.” 24 Ohio St. f>36. In actions for injury for negligence, where there is nothing in plaintiff’s evidence tending to show contributory negligence, the presumption will be that there is no contributory negligence, and this presumption remains until the contrary is shown. 41 Wis. 105; 5 Duer, 21.
We think the justice did not err in refusing the fourth request. The defendant below could not be permitted legally to limit its liability in this case to the negligence ■or want of negligence of a single one of its servants. It was charged in the complaint generally with negligence .and carelessness, and would be liable for the negligence of any and all of its servants or agents causing the alleged injury. The instruction asked would have exonerated the railway company from liability for any injury sustained by the plaintiff below, occasioned by the servants or agents of the railway company7, save that of the engineer. Counsel admits the force of this consideration, and says, in his brief, the word agents was originally used in the request, but by inadvertence the word engineer appears in the request on the record. This suggestion, however, will not relieve this court from the necessity of considering the request as it is found in the record.
*486 On an examination of all the questions made in the ease, we are unable to find that any substantial error intervened in the judgments of the courts below. Por that reason they are each affirmed.

Judgments affirmed, and remanded to the court of common fleas for execution.