Potter, J.
 

 In this case after the plaintiff had prft in his evidence he was nonsuited on the ground that he had produced no evidence to show that the deceased was in the exercise of ordinary care. And the defendant claims that this should be shown by affirmative evidence.
 

 In the present case the accident was in the night. The person injured did not live to tell his story to a jury.
 

 We think the case should have been submitted to a .jury. There is ordinarily a certain degree of presumption that a person of ordinary intelligence will not purposely expose himself to danger. On the other hand, the habits of the person as to temperance, heedlessness, &c., may be considered, and so also that he lived near and must have known of the danger. If the plaintiff’s own case shows that he brought the injury on himself by his own carelessness, he may be nonsuited; but if it does not he should not be nonsuited, but the question is for the jury. So it has been held that the exercise of due care may be inferred from the absence of all appearance of fault on the part of the plaintiff. And as Dr. Wharton observes, the conflict of decisions is more apparent than real. When the plaintiff shows negligence on the part of the defendant, and there is nothing to imply, that the plaintiff brought on the injury by his own negligence, then the burden of proof is on the defendant to show that the plaintiff was guilty of negligence. Wharton on Negligence, §§ 423, 425, 426 ;
 
 Bonnell
 
 v.
 
 Del., Lack. & West. R. R. Co.
 
 39 N. J. Law, 189 ;
 
 Johnson
 
 v.
 
 Hudson River R. R. Co.
 
 5 Duer, 21; 6 Duer, 633 ; and see the remarks of Denio, J., on the burden of proof in the same case, 20 N. Y. 65, 70. In New York it is settled that the jury may infer that the plaintiff was using ordinary care from the absence of contrary indications.
 
 [1]
 
 Shearman
 
 &
 
 Redfield on
 

 
 *453
 

 James M. Ripley, Albert R. Greene $ Charles Bradley,
 
 for plaintiff.
 

 James C. Collins,
 
 for defendant.
 

 Negligence, §§ 43, 44, approving the language of Denio, J., that the negligence of the plaintiff is matter of defence unless it can be inferred from tbe plaintiff’s own evidence. And the same doctrine is laid down by the Supreme Court of the United States.
 
 Railroad Company
 
 v.
 
 Gladmon,
 
 15 Wall. 401.
 

 Petition granted.
 

 [1]
 

 See these oases collected and discussed in Albany Law Journal, vol. 18, pp. 144, 164, 184, 204.