PAGE, Respondent, v. LYNCH et al., Appellants.

No. 7185; September 22, 1881.

**Evidence.**—A Nonsuit Judgment-roll Establishes No Facts, and, if offered as evidence in a subsequent case between the parties, may properly be objected to as irrelevant and immaterial.

**Appeal.**—An Exception to an Oral Charge will not be Considered unless it was so specific as to point the trial court to any error in the charge, so that it might be corrected before the retiring of the jury.

**Assault—Removal of Trespasser.**—In removing an intruder at the request of the owner of the property, the latter's agent has a lawful purpose in view, and he may carry out this purpose provided he use no more force than necessary.

APPEAL from Superior Court, Alameda County.

Lloyd Baldwin for appellants; J. L. Crittenden for respondent.

THORNTON, J.—This is an action instituted by plaintiff to recover of defendants damages for two alleged assaults accompanied by battery. On the trial the jury rendered a verdict for plaintiff. The defendants moved for a new trial, which was denied, and they prosecute this appeal from the judgment and the order denying their motion for a new trial.

The defendants offered in evidence on the trial the judgment-roll in an action for a forcible entry and detainer brought in the county court for the county of Alameda, commenced on the seventh day of March, 1876, on which judgment was entered for the defendants. The defendants in the action were the National Gold Bank and Trust Company, Henry L. Davis, John Doe, James Doe, Richard Roe, Edward

Laparte, Albert Adams, and the defendants in this action, viz., Lynch, Olney, and Cossel. The plaintiff was nonsuited.

Counsel for plaintiff objected to the proposed offer as irrelevant and incompetent. The objection was sustained and defendants excepted.

We cannot see any ground for sustaining the exception of defendants. As the judgment was rendered on a nonsuit, it established no fact as between the parties, so as to make it an instrument of evidence, The mere fact that judgment passed in the action in favor of defendants and against plaintiff was entirely irrelevant and immaterial. The court ruled properly in sustaining the objection of plaintiff's counsel.

The court on the trial gave orally an extended charge to the jury. The charge, as set forth in the bill of exceptions, covers eight pages of the printed transcript. To this charge the defendants' counsel excepted. The exception is stated to have been reserved in this way: "The defendants' counsel excepted to the said charge to the jury, and specifically to each and every portion thereof." In accordance with the rule laid down in Robinson v. Western Pacific R. R. Co., 48 Cal. 425, the exception was not properly reserved. The exception should have pointed out the specific portions of the oral charge excepted to, in order that the judge might have an opportunity, before the jury retired, to correct any error he might have fallen into. As the exception was not properly reserved, it will not be considered.

But we are of opinion that the evidence was insufficient to justify the verdict of the jury. We have examined the entire testimony, and the case made by it is this: That the defendants, having authority from a corporation—the National Gold Bank and Trust Company—on whose behalf they were acting, and whose agents and servants they were, committed the acts complained of to remove the plaintiff, an intruder from a house of which the bank was in the possession; that they demanded that she should depart from the house, which she refused to do; that thereupon they removed her from the house, using no more force than was necessary to accomplish their purpose, which was lawful. The verdict was against law, and a new trial should have been granted.

Judgment and order reversed and cause remanded.

We concur: Myrick, J.; Sharpstein, J.