## CROWLEY v. STROUSE.

### No. 14,987; June 9, 1893.

33 Pac. 456.

**Appeal—Assignment of Errors.—An Objection** that the verdict is against the law is not sufficient to raise the point that plaintiff was guilty of contributory negligence.

**Negligence.—That a Person, in Crossing a Street,** fails to use the best course to avoid the danger of being run over, does not show contributory negligence.

**Negligence.—Whether a Driver of a Wagon at a Street Crossing** could resume his course after checking his horse to allow a foot passenger to get out of the way, without negligence, is for the jury.[1]

---

[1] Cited, with numerous other cases in Hainlin v. Budge, 56 Fla. 360, 47 South. 831, as in effect bearing out the doctrine of Lincoln Rapid Transit Co. v. Nichols, 37 Neb. 332, 55 N. W. 872, 20 L. R. A. 853, to wit: "But independent of the statutory rule, a passenger placed in a position of apparent imminent peril through the negligence of the carrier may recover for injuries received while endeavoring to escape in obedience to the natural instinct of self-preservation, provided he exercises ordinary prudence in view of all the circumstances of the case; and such is the rule, although it subsequently appears that no actual danger existed."

Appeal.—An Objection to an Instruction as not sufficiently explicit will not be considered, where no request was made to make it more explicit.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Julia Crowley sued Mark Strouse to recover for personal injuries. Judgment for plaintiff. Defendant appeals. Affirmed.

Taylor & Craig for appellant; Edward P. Cole for respondent.

TEMPLE, C.—This action was brought to recover damages for personal injuries alleged to have been sustained while plaintiff was crossing Ninth street, in San Francisco, at its intersection with Howard, through being run into by a wagon negligently driven by the defendant. The case was submitted to a jury, which returned a verdict for plaintiff, and defendant appeals from the judgment, and from an order refusing him a new trial.

Plaintiff's testimony tended to prove that plaintiff was crossing Ninth street, going toward Tenth, on the street crossing, when a meat wagon driven by defendant's servant rapidly down Howard turned upon Ninth, over the crossing where plaintiff was; that plaintiff started to run down Ninth, leaving the crossing, and defendant's wagon, without slacking speed, ran upon her, knocking her down, and inflicting upon her the injury complained of. Naturally, the defense contended that by leaving the crossing, and running down the street, instead of hastening across, plaintiff increased the danger; was, in fact, guilty of such contributory negligence as should prevent her recovering. The plaintiff, who was about seventy years old, at the trial stated that she did not see the wagon, but, hearing the noise, she thought it was the street-car (on Howard street, I presume), and so started to run as fast as she could, but had proceeded but a few steps when she was struck. This raised a question, undoubtedly, as to whether plaintiff was not guilty of negligence which contributed proximately to the injury. But the matter was left to the jury, and it cannot be said that there was not sufficient

evidence to justify their conclusion. Defendant's evidence
conflicts with that of the plaintiff, but, as the jury evidently
did not believe defendant's witnesses, and the court refused a
new trial, that is not a matter of much interest here.

There is nothing in the claim that the verdict is against law.
The point there made is that there was no proof of negli-
gence on the part of defendant. The argument to sustain
the point is that plaintiff was guilty of contributory negli-
gence. This point cannot be made under the objection that
the verdict is against law. Still, it is the same as that made
under the exception as to insufficiency of the evidence, and
need not be further considered.

The defendant complains of the refusal of the court to give
certain instructions. The first is as follows: "If you believe
from the evidence that the plaintiff brought about the col-
lision by pursuing her intended route, when she could easily
and safely have avoided the contact by turning to the left,
and from the wagon, then she is guilty of contributory negli-
gence, and your verdict should be for defendant." This in-
struction was properly refused. It involves the proposition
that if the jury can now see that there was some other course
open to plaintiff than the one she did take, which would have
prevented the injury, she cannot recover. This is not law.
That she used bad judgment in the excitement of imminent
danger does not necessarily prove negligence. Whether the
fact that she took an unwise course was negligence, under the
circumstances, was for the jury.

2. An instruction was also asked to the effect that streets
may be used by vehicles and pedestrians; that wagons must
go over the crossings; and that all persons using the crossings
must use a high degree of care and caution for their own
safety, and that of others. It is difficult to see any benefit
in the instruction for the defendant, but there was no occa-
sion to tell the jury that the streets were for use and included
the crossings, and I do not understand that a pedestrian is
called upon, when upon a street crossing, to use more than
ordinary care for the safety of others. It certainly was no
injury to the defendant that the court failed to instruct the
jury that the defendant was bound to use a high degree of
care and caution at that point. Besides, the jury were fully
instructed upon this subject.

3. The next complaint is the refusal to give the following instruction: "If you believe from the evidence that the driver of the defendant's wagon checked his horses seasonably when about to turn the corner, and the plaintiff, seeing the wagon, also checked her speed, the driver of the wagon, seeing his road clear, had a right to suppose that the plaintiff was alert to care for her safety, and would not run against the wagon or the horses, and the driver might lawfully resume his progress at a moderate speed, using proper care to avoid accident." There are several objections to this proposed instruction. If the driver checked the speed of his wagon, and plaintiff also "checked her speed," it would not therefore necessarily follow that the driver, seeing his road clear, could drive on, relying on the alertness of the plaintiff to get out of the way. There may have been indications that she was not alert, or was confused; and if, for any reason, she did not get out of the way, defendant had no right to drive over her. The instruction also assumes that she run against the wagon or horses. This was not conceded to be the fact, but was opposed to testimony of plaintiff's witnesses, and to plaintiff's theory of the case. The instruction, at the best, is as to the effect of testimony. Whether the driver could properly resume his course, supposing that he did check his team, was for the jury. The right to do so did not follow as matter of law from the assumed facts.

4. The next point is that the instruction given by the court on the subject of contributory negligence is erroneous. The only objection made to this instruction was that it was not sufficiently explicit, and was not applicable to the facts and circumstances of the case. This objection admits the correctness of the instruction as a proposition of law. If the defendant desired an instruction which would be in some respects more explicit, he should have drafted the desired instruction, and requested the court to give it. The objection does not state in what respect it failed to be sufficiently explicit. It is not so much an objection to the instruction as a statement that the party is entitled to further instruction, upon what special point, however, was not stated. Under such circumstances the appellant cannot complain. That it was not applicable to the facts was probably intended as a repetition of the same objection. In the briefs no such claim

is made. The defect in the instruction, argued here, was not only not called to the attention of the court, but the objection actually made conceded the correctness of the instruction in that respect: See Robinson v. Railroad Co., 48 Cal. 425. I think the judgment and order should be affirmed.

We concur: Vanclief, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.