José ABRAHAM TORRES, demandante y apelado, *v.* JOAQUÍN DÍAZ, demandado y apelante.

No. 6038.—*Sometido:* Marzo 21, 1933. *Resuelto:* Mayo 3, 1933.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Allá por el día 19 de febrero de 1930 el demandante era dueño de un automóvil "Buick", destinado al servicio en la transportación de pasajeros en los caminos públicos de Puerto Rico, y el demandado en esa misma fecha era dueño de un camión marca "Mack", destinado a una empresa pública en la transportación de mercaderías en los caminos públicos de Puerto Rico.

Se alega en la demanda que en la fecha mencionada y en la carretera No. 2, en el trayecto comprendido entre la ciudad de Mayagüez y la de San Germán viajaba el demandante en su automóvil, manejado por él, en dirección de Mayagüez a San Germán, y que en esa misma dirección y en la misma carretera el individuo Luis Filión, siendo empleado del demandado y actuando allí y entonces en el desempeño de sus funciones como tal empleado, manejaba el camión propiedad del demandado.

El accidente ocurrido aparece descrito en el hecho quinto de la demanda, que transcribimos a continuación porque en las alegaciones que en el mismo se hacen se basa la excepción previa del demandado de falta de causa de acción:

"Que mientras Luis Filión, empleado del demandado, manejaba el automóvil truck del demandado en el sitio y fecha mencionados en

la alegación que antecede, lo hizo de una manera descuidada y negligentemente, sin tomar precauciones razonables para garantizar la seguridad de vidas y propiedades y sin ejercer el debido cuidado, no marchando con dicho vehículo lo más a la derecha que fuere posible y en el momento en que el automóvil del demandante le dió alcance y después que el demandante le dió aviso con su aparato de alarma, *claxon,* y que el dicho Luis Filión hizo señal al demandante para que pasara con su automóvil y siendo el automóvil del demandante el vehículo de mayor velocidad entre ambos, el del demandante y el del demandado, dicho Luis Filión no echó su automóvil hacia la derecha del camino tanto como le fué posible y por el contrario lo conservó en el centro de dicha carretera y en el momento mismo en que el automóvil del demandante iba a pasar por cerca del automóvil del demandado, éste último echó el automóvil truck que manejaba hacia el lado izquierdo de la carretera lanzándolo sobre el automóvil del demandante y haciéndolo ir a parar a la cuneta del lado izquierdo de la ya mencionada carretera y ocasionándole daños de consideración los que más adelante se relacionarán y apreciarán.''

El demandante reclama la cantidad de $700 por los daños ocasionados al carro y $150 por los perjuicios que sufriera con motivo de haberse visto privado del uso de su automóvil.

Dictada sentencia en favor del demandante, el demandado interpuso el presente recurso de apelación atribuyendo a la **corte inferior varios errores** que iremos examinando siguiendo el mismo orden trazado por el apelante en su alegato.

■■■ Se alega que la corte erró al no declarar con lugar la excepción previa de falta de causa de acción. Esta excepción fué presentada conjuntamente con la contestación. No surge de los autos que fuese discutida en la corte inferior. Basa el demandado su excepción en que de acuerdo con las alegaciones de la demanda, el demandante resulta culpable de negligencia contribuyente y en que se imputa al conductor del camión del demandado la comisión de un delito, lo cual constituye una extralimitación de sus facultades como empleado o agente del demandado.

Se alega en la demanda que el conductor del camión no echó su automóvil hacia la derecha tanto como le fué posible y que por el contrario lo conservó en el centro de la carre-

tera. Arguye el demandado que tratar de pasar a un automóvil que va por el centro de la carretera y no se ha desviado hacia la derecha es un acto poco discreto que raya en imprudencia temeraria. Se alega, sin embargo, que el demandante, cuando le dió alcance al camión, avisó con su aparato de alarma, y que el conductor del camión le hizo señal para que pasara en su automóvil. Esta señal para pasar constituye una invitación, y es de suponerse que el conductor que la hace se dispone a dejar el camino expedito al carro que le ha dado alcance y que pide paso. Claro que un hombre prudente no debe adelantarse a pasar mientras no vea que hay suficiente espacio para hacerlo sin peligro; pero de la faz de las alegaciones surge que el accidente ocurrió cuando el camión se desvió hacia la izquierda, de todo lo cual se deduce que si hubiera seguido en la misma posición no habría ocurrido el choque. No aparece de la faz de la demanda que el demandante fuera culpable de negligencia contribuyente. Esto en cuanto a las alegaciones, que debemos examinar independientemente de la prueba practicada. No está de más, sin embargo, añadir que, según el testimonio del demandante, el accidente ocurrió en un sitio donde la carretera era recta y ancha. El conductor del camión, según el demandante, le dió derecha, y cuando fué a pasar le cerró el paso.

■ Arguye el apelante además que en la demanda se alega que el camión se lanzó sobre el automóvil del demandante, y que esta alegación imputa a Luis Filión no una negligencia sino la comisión deliberada de un delito, extralimitándose en sus facultades como empleado o agente. Entiende el apelante que en estas circunstancias el demandado no es responsable por los actos de su empleado de acuerdo con la interpretación que se ha dado al artículo 1803 del Código Civil. No se alega en la demanda que Luis Filión actuara deliberada y maliciosamente cuando desvió su carro a la izquierda de la carretera y ocurrió el choque. Se alega que cuando pasaba el demandante "echó el automóvil truck que

manejaba hacia la izquierda de la carretera, lanzándolo sobre el automóvil del demandante." Aun en el supuesto de que esta alegación fuese bastante para constituir un delito, no podría sostenerse la contención del apelante, porque en la demanda se alega que el camión del demandado se destinaba a una empresa pública en la transportación de mercaderías en los caminos públicos de Puerto Rico, y que Luis Filión, cuando ocurrió el accidente, manejaba el camión como empleado del demandado y en el desempeño de sus funciones como tal empleado. Esta alegación es bastante para determinar la responsabilidad de dicho demandado, de acuerdo con la doctrina establecida por este tribunal en los casos de *Marrero* v. *López,* 15 D.P.R. 773, y *Martínez* v. *Trujillo & Mercado,* 24 D.P.R. 290. Debe desestimarse la excepción previa de falta de hechos establecida por el apelante.

■ Se alega en segundo término que la corte erró al apreciar la prueba y estimar probado que el accidente ocurrió por culpa o negligencia del conductor del camión, Luis Filión. La corte inferior declara probados los hechos alegados en la demanda, expresando que ha dado completo crédito a la prueba del demandante y que no dió crédito alguno a las declaraciones de los testigos del demandado. El propio demandado, Joaquín Díaz, declara que el camión era de su propiedad y que lo dedicaba en primer lugar a cargar provisiones para él y en segundo lugar para otros comerciantes de Yauco. Aceptó que Luis Filión era su *chauffeur* y que lo fué hasta que vendió su camión marca "Mack". La corte declara probado que Luis Filión era, cuando ocurrió el accidente, empleado del demandado en el ejercicio de sus deberes como tal empleado. Según se establece en las conclusiones de hecho, el demandante pidió derecha al conductor del camión, quien hizo señal a dicho demandante para que pasara en su automóvil, pero en vez de desviar el camión hacia su derecha y conservar dicha posición hasta que pasara el demandante, lo desvió hacia la izquierda de la carretera, en el momento mismo en que el demandante trataba de pasar pa-

ralelamente, interceptando el paso y lanzando el camión contra el automóvil, que fué arrojado a la cuneta del lado izquierdo de la carretera, estrellándose contra un árbol y destruyéndose casi totalmente. Añade la corte inferior que el accidente aludido fué debido única y exclusivamente a la crasa negligencia de Luis Filión, empleado del demandado, sin que el demandante pudiera evitar el mismo y sin que mediara negligencia alguna contribuyente por parte de dicho demandante, siendo la negligencia de Luis Filión imputable al demandado y la causa próxima y única de dicho accidente. Las conclusiones de la corte inferior están basadas en la prueba practicada. El demandado mantuvo la teoría de que el automóvil del demandante no había chocado con camión alguno, sino contra un árbol en el sitio y fecha indicados, al perder el demandante el control de su automóvil. No se alega que la corte inferior actuara movida por pasión, parcialidad y prejuicio. No hay razones para suponer que estuviese desacertada en la apreciación de la prueba. Debe desestimarse este error.

Se alega que la corte erró al apreciar los daños sufridos por el demandante. Declararon sobre el valor del automóvil el propio demandante y Pablo Cuevas, mecánico dedicado a trabajos de automóviles y empleado de la casa de Pedro M. Nieva. Este testigo manifiesta que el demandante compró el automóvil marca "Buick" en la casa de Pedro M. Nieva; que tuvo ocasión de verlo, cuando se vendió dicho carro, porque hubo que examinarlo y ponerle gomas y herramientas; que entonces el automóvil valía $800 y que después de ese accidente lo valoró en $50. Esta prueba no fué contradicha, y mereció entero crédito a la corte inferior. También declaró la corte que el demandante obtenía como beneficios líquidos con el uso de su carro "Buick", destinado al servicio público, un promedio de $5 diarios y que durante más de un mes estuvo imposibilitado de obtener beneficio alguno por el uso de dicho automóvil o de cualquier otro. En vista de la prueba

la corte condenó al demandado a satisfacer al demandante la suma de $850.

Se alega por último que la corte cometió error al condenar al demandado al pago de las costas y honorarios de abogado. Entendemos que debe desestimarse este error.

*Debe confirmarse la sentencia apelada.*