José Abraham Torres, demandante y apelado, *v.* Joaquín Díaz, demandado y apelante.

No. 6396.—*Sometido:* Mayo 8, 1934. *Resuelto:* Mayo 24, 1934.

*G. López de Victoria,* abogado del apelante; *O. Souffront,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta es una apelación contra resolución que aprueba un memorándum de costas.

Condenado el demandado en este pleito a pagar al demandante $850 como indemnización por perjuicios y las costas y firme dicho fallo por haber sido confirmado por este Tribunal Supremo (*Torres* v. *Díaz,* 45 D.P.R. 17) el demandante presentó en la corte inferior su memorándum de costas que comprende varias partidas con una suma de $29.75 y otra más de $400 por honorarios de abogado, en total $429.75. El demandado impugnó ese memorándum solamente en cuanto a

la cantidad reclamada por honorarios de abogado por ser excesiva pero la corte inferior aprobó esa partida y el total del memorándum.

Dice ahora el apelante para sostener este recurso que la concesión de $400 para honorarios de abogado es excesiva en relación con su grado de temeridad y con la cuantía y naturaleza del pleito.

El demandante alegó en su demanda que estando caminando en su automóvil por una carretera alcanzó al auto camión de carga del demandado, caminando ambos en la misma dirección, le pidió paso con su bocina y al hacerle señal el *chauffeur* del camión de que podía pasar comenzó a hacerlo paralelamente a él, desviando entonces el camión hacia su izquierda, siendo motivo de que el automóvil del demandante fuera a parar. a la cuneta sufriendo grandes daños. El demandado no iba en su camión y contestó que su vehículo no había chocado con el automóvil. Esa fué la única controversia fundamental entre las partes, que era de hecho y muy sencilla, como lo demuestra la opinión en que se fundó la sentencia que resolvió el pleito. Hubo conflicto de evidencia en ese extremo y la corte inferior lo decidió a favor del demandante, con la consecuencia legal consiguiente, que no ofrecía dificultades, de condenar al demandado y conceder al demandante toda la cantidad que él reclamó más las costas.

En vista de esos hechos entendemos que la cuantía de $400 para honorarios de abogado fijada por la corte inferior es excesiva por la naturaleza de la controversia, la cuantía del litigio y el hecho de que el demandado tuvo que basar su defensa en la información de su *chauffeur*. En casos similares hemos rebajado la cuantía de honorarios de abogado. *Rosa* v. *Díaz*, 33 D.P.R. 198; *Besosa* v. *Norwich Union F. Ins.*, 36 D.P.R. 169. Creemos que en el caso que resolvemos una cantidad de $200 para honorarios de abogado es la que razonablemente debe ser pagada.

*La resolución apelada debe ser modificada en cuanto a los*

*honorarios de abogado que deben ser fijados en $200 y por un total de costas de $229.75, y así modificada debe ser confirmada.*