José Carro López, demandante y apelante, *v.* Compañía Insular de Transporte, Inc., demandada y apelada.

No. 6519.—*Sometido:* Marzo 20, 1935. *Resuelto:* Noviembre 12, 1935.

*Angel M. Villamil,* abogado del apelante; *Juan B. Soto* y *Juan F. Soto,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

José Carrio López demandó a la Compañía Insular de Transporte para que le pague cierta cantidad de dinero por las lesiones que sufrió en un choque de automóviles. Desppués de celebrado el juicio fué declarada sin lugar la demanda y el demandante interpuso esta apelación.

El motivo que alega el apelante para que revoquemos esa sentencia es que el fallo es contrario a la ley y'los hechos.

En el kilómetro 5 hectómetro 3 de la carretera que de San Juan conduce a Guaynabo existe una curva que dobla a la derecha. Después de ella sigue una recta en dirección a Guaynabo. La carretera tiene en ese sitio 16 pies 10 pulgadas de ancho. En la tarde del 17 de octubre de 1931 venía por esa carretera para San Juan el demandante con tres personas más en un automóvil Hupmobile que guiaba su dueño Pedro J. Vélez. Entre ese automóvil y un autocamión Mack que iba en dirección contraria ocurrió un choque del cual resultó lesionado el demandante.

Según las declaraciones del demandante y de sus testigos, el automóvil Hupmobile caminaba de 40 a 45 kilómetros por hora, pero redujo esa velocidad a 25 ó 30 kilómetros cuando llegó cerca de esa curva y vió un autocamión que le cerraba el paso. Trató de parar poniendo los frenos, pero no pudo ser evitado el choque con ese autocamión, que era marca Mack. Según esos testigos, en ese sitio caminaban en dirección contraria al Hupmobile dos autocamiones, uno marca Federal que iba por su derecha y otro Mack que trataba de pasar al Federal por su izquierda. Manifestaron también esos testigos que el choque ocurrió en la curva que hay en el kilómetro 5 hectómetro 3. Este hecho lo reconoce el chofer que conducía el autocamión Mack de la demandada, pues declaró que caminando para Guaynabo iba delante de él un autocamión Federal; que a una distancia de 300 pies de una curva pidió paso y se lo dieron después de haberse echado el Federal a su derecha; que creyendo que podía pasar salió con tal objeto de detrás del Federal; y que cuando estaba a la izquierda del otro autocamión se presentó de pronto en dirección contraria el automóvil en que viajaba el demandante; que paró el Mack para colocarse detrás del Federal, pero en ese momento ocurrió el choque. Los demás testigos de la demandada declaran en términos parecidos. En fotografías que fueron hechas al día siguiente del choque y que fueron admitidas en el juicio sin objeción, se ve el automóvil dete-

nido en la derecha de la curva, estando ese sitio a 126 pies del lugar donde comienza la curva, según el acta de la inspección ocular que practicó la corte. La corte, en los fundamentos de su sentencia, dice que los autocamiones iban subiendo una curva.

Del conjunto de la prueba expuesta hay que llegar necesariamente a la conclusión de que el choque ocurrió en la curva, cuando en ella trataba el Mack de pasar al Federal.

La otra parte de la prueba se refiere a la velocidad a que caminaba el automóvil al llegar a la curva, diciendo los testigos del demandante que marchaba a poca velocidad, mientras que los de la demandada manifestaron que llegó con una velocidad excesiva. El día del suceso estuvo en aquel lugar un cabo de la Policía Insular, midió una huella de goma de rueda de automóvil que estaba marcada en la carretera y encontró que tenía 250 pies desde donde comenzaba hasta el sitio en que estaba detenido el automóvil. La corte consignó también que a 250 pies de distancia del sitio del accidente no podía ser visto un vehículo que estuviera en la carretera, pero sí a 200 pies.

Dispone la Ley núm. 75 de 1916 (pág. 144) para reglamentar el uso de vehículos de motor en esta isla, en su artículo 12, apartado (a), que las personas que manejen vehículos de motor en los caminos públicos, deberán, en todo tiempo, ejercitar el debido cuidado y tomar precauciones razonables para garantizar la seguridad de vidas y propiedades.

El hecho realizado por el chofer de la demandada de tratar de pasar a otro vehículo en una curva, en una carretera estrecha como la de Guaynabo, ocupando así parte de la carretera a la izquierda del camión delantero, sin poder ver por razón de la curva si en dirección contraria venía otro vehículo y cerrando así el paso al que pudiera presentarse, constituye una falta del debido cuidado y precaución razonable que debió tener para evitar un accidente con otro vehículo que llegara en dirección opuesta, por lo que infringió el

artículo citado. En el caso de *El Pueblo* v. *Alvarez,* 37 D.P.R. 578, dijimos que una persona actúa sin tomar las precauciones debidas cuando camina por la izquierda de la carretera, especialmente al tomar una curva. Y en el .de *Torres* v. *Díuz,* 45 D.P.R. 17, declaramos que el conductor de un automóvil que alcanza a otro y pide paso no debe adelantarse a pasar mientras no haya suficiente espacio para hacerlo sin peligro. En la obra ''Motor Vehicle Law'', de Babbitt, 4ª edición, pág. 417, se dice lo siguiente: ''Todo conductor de experiencia tiene conocimiento de los peligros que envuelve el pasar a otro vehículo que va en la misma dirección, especialmente en el caso ordinario en que el vehículo delantero no marcha por la extrema derecha del camino. En un camino estrecho debe ello realizarse con toda precaución, y nunca al tomar una vuelta cuando la visión está obstruída.''

Si el automóvil llegó al sitio del choque en la curva a mucha o excesiva velocidad, es de importancia secundaria porque si el Mack no le hubiera cerrado el paso al tratar de pasar al camión que iba delante, el accidente no hubiera ocurrido a pesar de la velocidad que se le atribuye al automóvil. El conductor de éste tenía derecho a esperar que el camino no estuviese obstruído en esa forma. ''Como se tiene derecho a presumir que todo conductor de un vehículo de motor ha de observar las reglas de tránsito, no hay deber de estar atento a otros vehículos que vayan por el sitio del camino contrario al que corresponde, o que abandonen su sitio correspondiente y se coloquen en el que no lo es, o tomen un curso improcedente, al menos cuando no existe obstáculo o causa que en el ejercicio de razonable cuidado haga prever que ello ocurra.'' Huddy Cyclopedia of Automobile Law, 9ª edición, vol. 3–4, pág. 87. El autocamión de la demandada con su conducta fué la causa del accidente. ''Cuando un vehículo de motor se aproxima a, o está volteando una esquina o curva, es particularmente necesario que se mantenga a la derecha del camino y el conductor no tiene derecho

a transitar por la izquierda confiando en que tendrá tiempo de desviar hacia la derecha si se enfrenta con un vehículo que venga en dirección contraria." 42 C. J. 906. "Todo conductor que da alcance a otro vehículo está en el deber de anticipar la posibilidad, si no la probabilidad, de que otros vehículos se aproximen en dirección contraria, imponiéndole tal deber un grado de cuidado proporcionado al riesgo mayor concomitante en razón de su desviación hacia la izquierda para pasar." 2 Blashfield, Cyclopedia of Automobile Law and Practice, pág. 103.

█ Aunque el chofer del automóvil Hupmobile hubiese sido negligente, su negligencia no sería imputable al apelante, según lo declarado en el caso de *Domínguez* v. *Puerto Rico Railway, Light & Power Co.*, 19 D.P.R. 1090.

Consecuencia de todo lo expuesto es que la demandada es responsable de los daños y perjuicios que por su conducta sufrió el demandante.

█ El apelante José Carrio López era en la fecha del accidente un joven de veintidós años de edad, estudiaba en la escuela superior, y era uno de los jugadores de un *team* de *baseball*. En el choque a que venimos refiriéndonos él perdió la visión de uno de los ojos, tuvo heridas en los párpados y en la cara y tuvo que pagar médicos y clínica. Nos parece que una indemnización de tres mil dólares ($3,000.00) es justa y razonable.

*La sentencia apelada debe ser revocada, con indemnización al demandante y las costas.*